IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| SCOTT A. MCDANIEL, | ) | CASE NO. 10-6143-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, LP; | ) | |
| RECONTRUST COMPANY NA; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION SYSTEM, INC.; | ) | |
| THE BANK OF NEW YORK MELLON CORP.; | ) | |
| CHRISTINA BALANDRAN; DIANE BOLTON; | ) | |
| DANIEL B. RODRIGUEZ; JONATHAN JACKSON; | ) | |
| E.L. HOWARD; LUCY MANSOURIAN; PETER | ) | |
| LOPEZ; STACEY L. BLOUIN; JANINE R. | ) | |
| WRIGHT; KARLA MERIDA; SUMMIT MORTGAGE | ) | |
| CORP; and DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

Background

Plaintiff, Scott McDaniel appearing *pro se*, filed this action in Deschutes County Circuit Court on May 6, 2010. [#1]. Defendant ReconTrust Co removed the case[1] to federal court and

---

[1]     BAC Home Loans, and Mortgage Electronic Registration
(continued...)

moved to dismiss plaintiff's claims. [#1; #16]. On March 31, 2011, this court dismissed much of plaintiff's complaint leaving only the following claims to proceed (1) fraudulent assignment; (10) illegal trustee sale; (11) quiet title (13) predatory lending and (16) fraudulent lending. [#56].

## Introduction

Plaintiff's pleading entitled "Memorandum in support of Motion to Dismiss Defendants' Counter Claims" is here construed as a motion to dismiss defendants counterclaims. [#61]. Plaintiff alleges that defendants have proven that they are "not in lawful possession of the Security interest to the Plaintiff's property. Furthermore there is no current default of Plaintiff's loan as evidenced by Defendants' "Rescission of Notice of Default." [#61-pp.1-2].

Plaintiff contends that since receiving the rescission of notice of default, he has attempted to make his normal payment three times only to have the payments refused each time. [#61-p.3]. He therefore moves the court to dismiss defendants' counterclaims and order them to produce the "original wet ink loan documents" including the original promissory note and Deed of Trust or "provide proof of chain of title and that all assignments were made in compliance with all State and federal

---

[1](...continued)
Systems (MERS) filed consents to removal the same day. [#3, #4].

laws . . . ." [#61-p.4].

Defendants assert that they have initiated (and served upon plaintiff), a judicial foreclosure action in Oregon State Court and have indicated in their counterclaims that such is the appropriate venue for the resolution of the claims remaining in this case. [#62-p.2]. A motion to dismiss all claims on that basis has been concurrently filed. [#62-p.2; #67]. Defendants' Motion to Dismiss argues that all remaining claims in this matter arise in state law and are dependent on a non-judicial foreclosure that defendants recently cancelled. [#67-p.2]. As a result defendants argue that the court should dismiss plaintiff's four remaining claims as moot. *Id*. In the alternative, defendants request the court to dismiss the claims after declining to exercise supplemental jurisdiction. *Id*.

Following this court's order [#56], the defendants rescinded the Notice of Default and Election to sell and have submitted requests for judicial notice of the supporting documents. [#63; #69]. Defendants request the court to take notice of the rescission of notice of default and seven notices of intent to accelerate dated from December 2007 through October 2009. [#63] Defendants also request notice of the foreclosure complaint filed in the Circuit Court for the County of Deschutes and two rescission of notice of default that have been filed in Deschutes County and a business entity data report from the Oregon

3 - ORDER

Secretary of State Corporate Division website. [#69] Defendants
also move for leave to file a third party complaint for judicial
foreclosure in federal court. [#65].

The property at issue is plaintiff's residence located at
25225 Cultus Lane, Bend Oregon, 97701 (subject property). [#40-¶
6, Ex.1]. Plaintiff's mortgage loan on the subject property was
originated by Decision One Mortgage Company on October 17, 2006.
[#40-Ex.1; #40-¶¶ 27-29; #49-p.10]. BAC Home Loans was the loan
servicer. [#40-¶¶ 38-43; #49-p.11]. The Trust Deed names MERS
as the beneficiary of the loan under the security instrument.
*Id.*

Plaintiff admits that he became late on his payments on the
loan in April of 2009. [#40-¶ 37]. In September 2009, BAC Home
Loans refused to take a partial mortgage payment from plaintiff
(in the amount of $1,825.73), and insisted that plaintiff pay the
full amount due of the current and past due amounts. [#40-¶ 38].
Plaintiff alleges that he made numerous attempts to bring current
his payments that were in arrears but BAC Home Loans refused to
accept anything less than a lump sum payment of all amounts
owing. *Id.*

## Discussion

### 1.   **Judicial Notice:**

Defendants move the court to Dismiss for Mootness or in the
alternative to Decline Supplemental Jurisdiction and also request

4 - ORDER

that the court take judicial notice of documents supporting their
motion. [#67; #63; #69].

Fed.R. Evid. 201 governing judicial notice states:

"A judicially noticed fact must be one not subject to
reasonable dispute in that it is . . . capable of accurate and
ready determination by resort to sources whose accuracy cannot
reasonably be questioned."

Fed.R.Evid.201(b).

Facts contained in public records are considered appropriate
subjects for judicial notice. *Santa Monica Food not Bombs v.
City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006).
Similarly, the "incorporation by reference" doctrine permits a
district court when deciding a motion to dismiss, to consider
documents whose contents are alleged in a Complaint and whose
authenticity no party questions, but which are not physically
attached to the plaintiff's pleading. *Branch v. Tunnel,* 14 F.3d
444, 454 (9th Cir. 1994).

The consequences of taking judicial notice are significant.
Judicial notice precludes either party from introducing evidence
to disprove that fact. *Rivera v. Phillip Morris, Inc.,* 395 F.3d
1142, 1151 (9th Cir. 2005). Where the trial court has taken
judicial notice of a fact, the jury must be instructed to accept
that fact as conclusive. Fed.R.Evid. 201(g). The Ninth Circuit
has accordingly urged the district courts to be cautious in
taking judicial notice and to do so only when the matter is
beyond controversy. *Id.*

5 - ORDER

Defendants in two motions request this court take judicial
notice of the following documents:

(a)   The Rescission of Notice of Default [#63-Ex.1]:

This notice dated May 23, 2011, is a public record (#64-Ex.
1-Deschutes County Instr. No. 2011-20241), which bears the
Deschutes County Clerk's stamp.  Plaintiff's responsive pleadings
object to judicial notice alleging that it is "yet another "After
the Fact" created document by the Defendants to attempt to create
a paper trail after the fact."  [#76-p.3].  Plaintiff does not
appear to dispute the authenticity of the document.

Given that the Rescission of Notice of Default is a public
record and cannot be reasonably disputed, I hereby take judicial
notice of it for the purpose of ruling on the defendants' Motions
to Dismiss.

(b)   Notice of Intent to Accelerate - [#64-Exs 2-8]:

These documents are all identical notices of intent to
accelerate from Countrywide to plaintiff which differ only by
dates issued and the amount of charges indicated as needed to
reinstate the loan.  [#64-Exs.2-8]   The Notices are dated:
December 17, 2008, [#64-Ex.2]; March 19, 2009, [#64-Ex.3]; May
18, 2009, [#64-Ex.4]; June 29, 2009, [#64-Ex.5]; July 31, 2009,
[#64-Ex.6]; August 26, 2009, [#64-Ex.7]; and October 19, 2009
[#64-Ex.8].

Plaintiff objects to the documents alleging that they are

6 - ORDER

created after the fact, not recorded and hearsay. [#76].
However, plaintiff does not allege that he did not receive them
and I note that they are all addressed to plaintiff's residence
located at 25225 Cultus Lane, Bend Oregon, 97701.

Given that plaintiff does not dispute the notices content or
that he received them, I hereby take judicial notice of them for
the purpose of ruling on the defendants' Motions to Dismiss.

(c) Copy of Foreclosure Deschutes County Complaint -[#69-
Ex.1]:

This copy is certified by defendants' counsel, to be a true
and accurate copy of a judicial foreclosure complaint pertaining
to the subject property at issue in this matter and which was
filed in the Circuit Court for the State of Oregon for the County
of Deschutes. [#70-Ex.1]. Plaintiff's responsive pleadings
objects to judicial notice alleging without explanation, that he
disputes the authenticity of the document. [#75-p.2].

Given that plaintiff does not dispute that he has been
served and this complaint has been filed with state court, it is
now a public record and cannot be reasonably disputed.  I
therefore hereby take judicial notice of it for the purpose of
ruling on the defendants' Motions to Dismiss.

(d) Copy of Rescission Notices of Default - [#70-Ex.2]:

Defendants offer two rescission notices of default - one
identical to #63-Ex.1 and the other is dated November 5, 2010 and
stamped as recorded as Deschutes County Instr. No. 2010-45085.

7 - ORDER

[#70-Ex.2]. Plaintiff's responsive pleadings objects to judicial notice alleging without explanation, that he disputes the authenticity of the document. [#75-p.2].

Given that the Rescissions of Notice of Default are public records and cannot be reasonably disputed, I hereby take judicial notice of them for the purpose of ruling on the defendants' Motions to Dismiss.

(e) Business Entity Report for Summit Mortgage - [#70-Ex.3]:

This copy of a web page from the Oregon Secretary of State Corporate Division is certified by defendants' counsel to be a true and accurate copy. [#70-Ex.3]. Plaintiff's responsive pleadings objects to judicial notice alleging without explanation, that he disputes the authenticity of the document. [#75-p.2].

This appears to be a copy of the web page as certified and thus is a public record which cannot be reasonably disputed. I therefore take judicial notice of it for the purpose of ruling on the defendants' Motions to Dismiss.

## 2. Motion to Dismiss for Mootness [#67]:

A *pro se* litigant's claims may be dismissed when the plaintiff can prove no set of facts in support that would entitle him to relief. *Barrett v. Belleque,* 554 F.3d 1060, 1061 (9th Cir. 2008).

8 - ORDER

Defendants move to dismiss the remaining four claims in plaintiff's amended complaint as moot because the non-judicial foreclosure on which they are based have been cancelled. [#68-p.2]. Defendants have rescinded both Notices of Default (issued November 5, 2010 and June 3, 2011), and have elected to pursue a judicial foreclosure on the subject property in state court which precludes them continuing to pursue a non-judicial foreclosure. *Id.* Plaintiff opposes the defendants' Motion to Dismiss for Mootness asserting *inter alia* that "it is a veiled attempt to do nothing more than circumvent the rulings of this court." [#73-p.2].

Oregon law precludes a trustee from pursuing a nonjudicial foreclosure if another action has been instituted to recover the debt secured by the trust deed. ORS 86.735(4). Defendants have initiated a judicial foreclosure on the subject property in Deschutes County Circuit Court where plaintiff can present his theories regarding the use of MERS and how that may effect assignments of the note and deed of trust in a more appropriate forum.

With no remaining claims that involve federal issues and because the MERS question involves an important question of state law and is currently one unsettled in Oregon law, I grant defendants' motion to dismiss for mootness [#67].

Plaintiff's motion to dismiss defendants' counterclaims

9 - ORDER

[#61] and defendants' motion for leave to file a third party complaint for judicial foreclosure [#65] are both denied as moot.

## Conclusion

Plaintiff's Motion to Dismiss Defendants' Counterclaims [#61], is DENIED as moot. Defendants' Motions to Take Judicial Notice [#63; #69], are GRANTED. Defendants' Motion to Dismiss for Mootness [#67], is GRANTED. Defendants' Motion for Leave to File Third party Complaint [#65], is DENIED as moot. This action is dismissed.

IT IS SO ORDERED.
DATED this _29th_ day of August, 2011.

United States District Judge